WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

# UNITED STATES C0URT OF APPEALS

# FOR THE TENTH CIRCUIT

| | |
|---|---|
| WALTER L. WAGNER, ) | |
| ) | Case No. 13-4082 |
| Appellant and Plaintiff ) | |
| ) | (Dist No. 2:11cv00784; Utah) |
| vs. ) | |
| ) | **STATUS REPORT *RE*** |
| PRESTON MICHIE, KENNETH ) | **WBGI BANKRUPTCY** |
| FRANCIK, LESLIE COBOS, MARK ) | |
| ROBINSON, ANNETTE EMERSON ) | |
| STEVE BRYANT, WORLD BOTANICAL ) | |
| GARDENS, INC. (WBGI), ) | |
| ) | |
| Appellees and Defendants ) | |
| ) | |

## STATUS REPORT *RE* WBGI BANKRUPTCY

1.  Plaintiff and Appellant Walter L. Wagner augments the Status Report of Arnold Richer, and references Mr. Richer's *Exhibit "A"* for the augmentation.

2.  On June 7, 2013 a *Motion to Appoint Trustee and Opposition to Debtor's Motions* was filed by Walter L. Wagner (Document 49 of *Exhibit "A"*). This motion seeks the appointment of a suitable Trustee other than the generic trustee assigned to each case. It also opposes the motion to sell all of the WBGI assets to two WBGI board members under the guise of 'reorganization'.

3.  On July 22, 2013 Mr. Cal Andrus, a WBGI shareholder (of 1.0% equity interest), filed a motion to appoint himself as WBGI trustee entitled *Motion to Appoint Trustee and in Opposition to Debtor's Motions* (Document 62)

4.  On July 31, 2013, Mr. Louis Pratt, a WBGI shareholder, filed an affidavit in support of appointment of Mr. Andrus as trustee entitled *Affidavit of Louis Pratt*. (Document 64)

5.  On August 12, 2013 Mr. Cal Andrus filed a motion to rescind the funding authorization for *Richer and Overholt*. This was mis-labeled by the court's clerk as Document 68, erroneously labeled on *Exhibit "A"* as "Motion to Reconsider" when it fact it was a *Motion to Rescind* (the Order authorizing funding to Richer and Overholt). When granted, it will rescind the ability of *Richer and Overholt* to bill WBGI for their representation of the continuing named defendants.

2

6. Mailed for filing on August 20 is the affidavit of Cal Andrus in opposition to the motion to sell all of the WBGI assets to Mr. Robinson and Mr. Bryant, though not yet listed on the Exhibit *"A"*.

7. Mailed for filing on August 22 is the affidavit of Walter L. Wagner in opposition to the motion to sell all of the WBGI assets to Mr. Robinson and Mr. Bryant, though not yet listed on the Exhibit "A".

8. Mailed for filing on August 23 is the 39-page *Points and Authorities in Support of Opposition to Motion for Sale of WBGI Assets*. This legal brief is based on Title 11, United States Codes, Section 363(b)(1) that allows a bankruptcy court, after notice and hearing, to authorize the sale of the debtor's assets outside the ordinary course of business. This brief relies heavily on the appellate direction of *In re Lionel Corporation*, 722 F.2d 1063 (2d Cir.1983) which reversed a bankruptcy court that sought to sell *Lionel* assets prior to formal finalization of a reorganization plan. It also relies on *In re Coastal Cable T.V., Inc.*, 24 B.R. 609, 611 (Bankr. 1st Cir.1982), vacated on other grounds, 709 F.2d 762 (1st Cir.1983); *In re Ancor Exploration Company*, 30 B.R. 802, 808 (Bankr.N.D.Okla.1983); *In re Brookfield Clothes, Inc.*, 31 B.R. 978 (S.D.N.Y.1983); *In re Charlesbank Laundry Co.*, 37 B.R. 20 (Bankr.D.Mass.1983); *In re Boogaart of Florida, Inc.*, 17 B.R. 480 (Bankr.S.D.Fla.1981); *In re White Motor Credit Corporation*, 14 B.R. 584

(Bankr.N.D. Ohio 1981) (relying on 11 U.S.C. Sec. 105); *In re WHET, Inc.*, 12 B.R. 743 (Bankr.D.Mass.1981). This P&A is also not yet showing on the clerk's docket, as it won't be received by the clerk until next Monday, August 26, 2013.

9.  In that motion filed purportedly on behalf of WBGI to sell all of the WBGI assets including its last remaining land asset, the current CEO (Steve Bryant) and the current CFO (Mark Robinson) seek to sell all of the WBGI assets to themselves (as 0.5% equity holders for both of them combined) for substantially below their actual value, and then lease them back to WBGI (as a shell corporation) as a purported means to 'save' WBGI during its reorganization and 'save the jobs' that were created by Wagner. The opposition details that no valid business purpose or plan was put forth that shows how those two, as business partners, owning the identical assets, could make those assets viable for WBGI while as the CFO and CEO of those WBGI assets they cannot. The affidavits also detail that the price is about $1/4^{th}$ of its actual value, and would be a windfall to Mr. Robinson and Mr. Bryant, and essentially a theft of the remaining equity assets of the other 99.5% equity holders of WBGI.

10. Further, the opposition shows a viable plan in having Mr. Andrus become trustee, cutting-off non-required payments of $10,000+/month currently being made to Mr. Robinson and others of his board that keeps the company

technically operating in the red, thereby making the company immediately operating in the black, allowing it to soon exit bankruptcy.

11.    Accordingly, it is expected that the motion to sell the WBGI assets to the "CFO" and "CEO" will be denied as in violation of *In re Lionel*, that the motion to rescind funding to *Richer and Overholt* will be granted, and that the motion to appoint Mr. Andrus as trustee will be granted, which would immediately obviate the need for appellate review in the instant matter as Mr. Andrus will seek an immediate stay in this matter, or instead allow the individual defendants to proceed on their own without WBGI funding to *Richer and Overholt*.

12.    Hearing on the motions is calendared for Wednesday August 28, 2013.

DATED:    August 24, 2013

*/s/ Walter L. Wagner*
Walter L. Wagner

5