No. 13-4082

IN THE
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

**WALTER L. WAGNER**,

Plaintiff-Appellant

v.

**WORLD BOTANICAL
GARDENS, INC. et al.,**

Defendants-Appellees

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
THE HONORABLE ROBERT J. SHELBY, JUDGE
DISTRICT COURT CASE NO. 2:11-CV-784-RSB

_____

**BRIEF OF APPELLEES
PRESTON MICHIE, KENNETH FRANCIK, LESLIE COBOS, MARK
ROBINSON, ANNETTE EMERSON, STEVE BRYANT**

_____

Arnold Richer, #2751
Patrick F. Holden, #6247
**RICHER & OVERHOLT, P.C.**
901 West Baxter Drive
South Jordan, Utah 84095
Telephone: (801) 561-4750, Ext. #17
Facsimile: (801) 561-4744
Attorneys for Appellees

ORAL ARGUMENT NOT REQUESTED

## <u>CORPORATE DISCLOSURE</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, counsel for Appellees World Botanical Gardens, Inc., Preston Michie, Kenneth Francik, Leslie Cobos, Mark Robinson, Annette Emerson, and Steve Bryant certifies the following:

1.   The full name of every party or amicus we represent is: (1)World Botanical Gardens, Inc.; (2) Preston Michie; (3) Kenneth Francik; (4) Leslie Cobos; (5) Mark Robinson; (6) Annette Emerson; and (7) Steve Bryant.

2.   The parent companies, subsidiaries (except wholly-owned subsidiaries), and affiliates that have issued shares to the public, of the party we represent are: (1) World Botanical Gardens, Inc.

/s/ Arnold Richer
Arnold Richer

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iii

STATEMENT OF PRIOR OR RELATED APPEALS . . . . . . . . . . . . . . .    v

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

STATEMENT OF ISSUES PRESENTED FOR REVIEW . . . . . . . . . . .    1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

I.      The District Court Properly Granted Appellees' Motion
        to Dismiss Wagner's State Law Defamation Claims
        Under the Doctrine of Issue Preclusion . . . . . . . . . . . . . . . . . . . . .    12

        A.      Identity of Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

        B.      On the Merits and Final . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

        C.      Actually and Necessarily Litigated . . . . . . . . . . . . . . . . . . .    20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    22

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . .    23

CERTIFICATE OF DIGITAL SUBMISSION
AND CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . .     24

# TABLE OF AUTHORITIES

**Cases**

**United States Supreme Court Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) . . . . . . . . . . . . . . . . . . . . . . . .     14

*San Remo Hotel v. City and County
of San Francisco, California*, 545 U.S. 323 (2005) . . . . . . . . . . . . . . .     13, 14

**Federal Court of Appeals Cases**

*Hardison v. Alexander*, 655 F.2d 1281 (D.C. Cir. 1981) . . . . . . . . . . .     20

*Jiron v. City of Lakewood*, 392 F.3d 410 (10th Cir. 2004) . . . . . . . . . . .     14

*May v. Parker-Abbott Transfer &
Storage, Inc.*, 899 F.2d 1007 (10th Cir. 1990). . . . . . . . . . . . . . . . . . . . .     13

*Salguero v. City of Clovis*, 366 F.3d 1168 (10th Cir. 2004) . . . . . . . . . . .     12

*Satsky v. Paramount Communications,
Inc.*, 7 F.3d 1464 (10th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     13

*Valley View Angus Ranch, Inc. v. Duke Energy
Field Services, Inc.*, 497 F.3d 1096 (10th Cir. 2007) . . . . . . . . . . . . . . . .     14

*Wilkinson v. Pitkin County Board of County
Commissioners*, 142 F.3d 1319 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . .     14

**State Court Cases**

*Five Star Capital Corporation v. Ruby*, 194 P.3d 709 (Nev. 2008) . . . .    15

*Smallwood v. City and County
of Honolulu*, 185 P.3d 887 (Haw. Ct. App. 2008) . . . . . . . . . . . . . . . . .    15

**Constitutional Provisions and Statutes**

United States Constitution, Article IV, § 1 . . . . . . . . . . . . . . . . . . . . . .    13

28 U.S.C. § 1291          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

28 U.S.C. § 1332          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

28 U.S.C. § 1738          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13

## **STATEMENT OF PRIOR OR RELATED APPEALS**

Pursuant to Rule 28.2 of the Rules of Court for the United States Court of Appeals for the Tenth Circuit, counsel for Appellees hereby notifies the Court that no other appeal in or from the same civil action in the lower court was previously before this or any other appellate court under the same or similar title. Additionally, no cases are known to counsel to be pending in this or any other court that will directly affect this Court's decision in the pending appeal.


**/s/ Arnold Richer**
**Arnold Richer**

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The district court had jurisdiction of this case pursuant to 28 U.S.C. § 1332. The district court issued a final order disposing of Plaintiff's claims on April 22, 2013. Plaintiff timely filed his Notice of Appeal on May 20, 2013. (Dkt. No. 89)(Vol. IV, pgs. 292 - 293)

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether the district court erred in dismissing Appellant's Complaint based on the doctrine of issue preclusion.

2. Whether the district court correctly found that the issues in the lower court proceeding were identical to the issues raised in prior state court proceedings for purposes of issue preclusion.

3. Whether the district court properly found that the issues related to Appellant's poor record-keeping and misappropriation of funds were necessary to the judgment issued in a prior state court proceeding.

4. Whether the district court properly found that a state court judgment had preclusive effect despite the arrest of Appellant's spouse at trial.

## STATEMENT OF THE CASE

Wagner brought state law defamation claims against World Botanical

Gardens, Inc. ("WBGI") and Appellees based on diversity of citizenship. (Dkt. No.

2)(V. 1, pgs. 42-80) Wagner also alleged Appellees committed  fraud, waste and

mismanagement at WBGI. *Id*. In his Complaint, Wagner claimed he was defamed

by the following alleged statements: (1) that Wagner kept poor corporate records;

(2) that Wagner misappropriated WBGI's funds; and (3) that Wagner fraudulently

executed a 2004 Promissory Note. *Id*.

Appellees moved to dismiss Wagner's Complaint based on issue preclusion

as well as Wagner's lack of standing to bring a fraud, waste and mismanagement

claim. (Dkt. Nos. 5, 7 and 52, 53)(v. 1, pgs. 90-212, v. 4, pgs. 16-57) Magistrate

Paul Warner issued two Reports and Recommendations concluding that Wagner's

claims were barred by issue preclusion and that Wagner lacked standing to bring a

fraud, waste and mismanagement claim. (Dkt. Nos. 30 and 75)(v. 2, pgs. 199-218,

v. 4, pgs. 160-177) As to Wagner's claims related to the 2004 Promissory Note,

Magistrate Warner stayed the case until the resolution of a pending state court

case. (Dkt. No. 75, pgs. 11-17)(vo. 4, pgs. 170-176)

2

The district court adopted Magistrate Warner's Reports and Recommendations, except that the district court concluded a stay was unnecessary because the 2004 Promissory Note claim was previously litigated in one of the final state court cases. (Dkt. No. 86) As a result, the district court dismissed all of Wagner's claims with prejudice. *Id.*

## STATEMENT OF THE FACTS

**The Parties**

WBGI is a Nevada corporation that operates a botanical garden in Hawaii. (Dkt. No. 2, pgs. 2 and 8, ¶ 8)(v. 1, pg. 46) Appellant Walter Wagner ("Wagner") is WBGI's founder and incorporator . (Dkt. No.2, pg. 3, ¶ 1)(v. 1, pg. 44) The individual Appellees Preston Michie, Kenneth Francik, Steve Bryant, Leslie Cobos, Annette Emerson, and Mark Robinson are present or former members of WBGI's Board of Directors ("the Board"). (Dkt. No. 2, pgs. 2-4)(v. 1, pgs. 43-45)

**Prior State Court Proceedings**

Initially Appellees relied on three state court judgments in support of its issue preclusion argument. (Dkt. No. 86, pg. 2)(v. 4, pg. 284) However, because one of those judgments was not final, having been remanded to a state trial court

4

for further proceedings, Appellees rely on two of those three proceedings. (Dkt. No. 86, pg. 3)(v. 4, pg. 285)

There are two prior state court proceedings pertinent to this appeal which were the subject of judicial notice. (Dkt. No. 86, pg. 2)(v. 4, pg. 284) First, the Second Judicial District of the State of Nevada, County of Washoe, *World Botanical Gardens, Inc. v. Walter Wagner et al.*; Case No. CV05-02079, Dept. No. 6, Judge Brent Adams ("the Nevada Court" and "the Nevada Judgment")[1]. Second, the Third Circuit Court of the State of Hawaii, *World Botanical Gardens, Inc. v. Walter Wagner et al.*; Case No. 05-1-0210, Judge Greg Nakamura ("the Hawaii Court" and "the Hawaii Judgment")[2].

---

[1] The pertinent Nevada Court documents are: (1) Findings of Fact, Conclusions of Law, Order of Permanent Injunction, and Judgment (v. 1, pgs. 120 - 131); (2) Order of Affirmance (v. 3, pgs. 69 - 74); and (3) Westlaw Keycite showing Certiorari Denied by United States Supreme Court (v. 3, pg. 75).

[2] The pertinent Hawaii Court documents are: (1) Findings of Fact, Conclusions of Law, and Decision and Order (v. 1, pgs. 158 - 212); (2) First Amended Final Judgment (v. 3, pgs. 96 - 98); (3) Summary Disposition and Order (v. 3, pgs. 99 - 100); and (4) Order Rejecting Application for Writ of Certiorari (v. 3, pg. 101).

**(a) The Nevada Judgment**

After the Board removed Wagner from WBGI's Board of Directors, Wagner created a separate competing Board of Directors. (Dkt. No. 7; Exhibit A; pgs. 3-4)(v. 1, pgs. 122 -123, ¶ ¶ 9 - 10) WBGI brought an action in the Nevada Court seeking a determination that the Board was authorized to run WBGI. The Nevada Court concluded that "[f]rom Defendant Walter Wagner's removal through the present, the WBGI Board of Directors has properly managed the affairs of WBGI." (Dkt. No. 7; Exhibit A; pg. 6)(v. 1, pg. 125, ¶ 22) In fact, the Nevada Court stated that "[t]he dispute over control of WBGI has been nothing more than a relentless conspiracy and campaign by Defendant Walter Wagner and the other Remaining Defendants to gain control of WBGI at any cost." (Dkt. No. 7; Exhibit A; pg. 4)(v. 1, pg. 123, ¶ 13)

After the Board was constituted, they "discovered that Defendant Walter Wagner had diverted funds to his personal accounts, failed to keep proper financial records, and failed to pay employment taxes, failed to file corporate income tax reports, failed to keep accurate records of shareholders." (Dkt. No. 7; Exhibit A; pgs. 2-3)(v. 1, pg. 121-122, ¶ 6)

After a three day trial, The Nevada Court stated that:

[at] every opportunity, Defendant Walter Wagner has attempted to paralyze and destroy WBGI - he has frozen the WBGI bank account; he has improperly and illegally recorded a lis pendens against the property of WBGI and its Garden Director, Dr. Lanny Neel; he has trespassed on WBGI property, where he sprayed weed-killer on Garden plants; he has taken over and/or closed WBGI's website, thereby destroying WBGI's internet marketing plan; and he improperly sold interests in WBGI and pocketed the proceeds, thereby depriving WBGI of badly needed capital and defrauding investors.

(Dkt. No. 7; Exhibit A; pgs. 6-7)(v. 1, pgs. 125 - 126, ¶ 23)

The Nevada Court affirmed the Board's authority and enjoined Wagner

from interfering with WBGI's business affairs. (Dkt. No. 7; Exhibit A; pg. 10)(v.

1, pg. 129, ¶ (2)).

**(b) The Hawaii Judgment**

WBGI sued Wagner to recoup misappropriated funds. (Dkt. No. 7-3, pgs. 1-

3)(v. 1, pgs. 162 - 164) The Hawaii Court granted summary judgment against

Wagner finding that Wagner converted WBGI funds for his personal use and that

Wagner misappropriated funds by mischaracterizing them as loans, business

expenses, salary and payments to a wellness foundation. (Dkt. No. 7-3, pgs. 6-

7)(v. 1 pgs. 167-168, ¶ (5)(1) and (2)).

The Hawaii Court found that Wagner used WBGI investor funds:

to pay for commingled credit card and expense accounts which
included expenses unrelated to WBGI's business operations, such as
Defendants Wagners' personal living expenses, a mortgage on
Defendant Walter Wagner's and Linda Wagner's personal residence,
the purchase of a parcel of real property that was acquired with
WBGI funds and put in Defendant Walter Wagner's name, legal
expenses incurred by Defendant Walter Wagner to defend criminal
charges that had been made against him for matters unrelated to
WBGI business, and expenses incurred by Walter Wagner in
establishing unrelated businesses called Monterey Bay Terrarium
located in Monterey California, and "wellness" centers."

(Dkt. No. 7-3, pg. 12)(v. 1, pg. 173, ¶ 26).

The Hawaii Court also found that Wagner sold WBGI shares "as part of a

fraud scheme whereby Defendants Walter Wagner, Dan Perkins, and Linda

Wagner sold WBGI treasury shares without authority or authorization to do so and

pocketed the proceeds, instead of turning the proceeds over to WBGI as investors

were led to believe would occur."  (Dkt. No. 7-3, pg. 22)(v. 1, pg. 183, ¶ 75). The

Hawaii Court also stated that "[a]fter August of 2003, Defendant Linda Wagner

executed numerous documents purporting to be WBGI documents using the title

of WBGI Treasurer, without authority or authorization to do so, including a

Promissory Note dated January 1, 2004 . . . ."  (Dkt. No. 7-3, pg. 22)(v. 1, pg. 183,

¶ 73)

**Procedural History**

Wagner filed his First Amended Complaint for Damages and Injunctive

Relief against WBGI and Appellees alleging state law defamation claims as well

as fraud, waste and mismanagement claims related to WBGI. (Dkt. 2, pgs. 1-39)(v.

1, pgs. 42 - 80). WBGI filed a motion to dismiss based on the preclusive effects of

the Nevada and Hawaii Judgments. (Dkt. No. 5, pgs. 1-3)(v. 1, pgs. 90 - 92)

Wagner filed a motion for preliminary injunctive relief based on his fraud, waste

and mismanagement claims. (Dkt. No. 10, pgs. 1-3)(v. 1, pgs. 213 - 215)

Magistrate Judge Paul M. Warner issued a Report and Recommendation in

which he granted in part and denied in part WBGI's motion to dismiss and denied

Wagner's motion for preliminary injunction. (Dkt. No. 30, pgs. 1-20)(v. 2, pgs.

199 - 218) Magistrate Warner found that WBGI had met each element of issue

preclusion, except for establishing the finality of each judgment. Magistrate

Warner, therefore, denied WBGI's motion without prejudice, until WBGI could

establish the finality of the state court judgments. (Dkt. No. 30, pgs. 14-15)(v. 2,

pgs. 209, 212 - 213) Magistrate Warner dismissed for lack of subject matter jurisdiction Wagner's fraud, waste and mismanagement claims concluding that "Wagner lacks standing to bring his fraud, waste, and mismanagement claim . . . ." (Dkt. No. 30, pg. 18)(v. 2, pg. 216).

WBGI brought a second motion to dismiss and Appellees brought their own separate motion to dismiss (Dkt. No. 52, pgs. 1-3))(v. 4, pgs. 13-15) based on the preclusive effects of the Nevada and Hawaii Judgments. In addition, WBGI and Appellees filed a motion for a stay (v. 3, pg. 104)(Dkt. No. 42) as to Wagner's claim based solely on the other Hawaii case which was pending on remand. Wagner also filed a motion to appoint a receiver for WBGI. (v. 4, pg. 78)(Dkt. No. 59).

This time, WBGI and Appellees established the finality of the Nevada and Hawaii Judgments and Magistrate Warner granted the motions to dismiss. (Dkt. No. 75, pg. 3)(v. 4, pg. 162) Magistrate Warner also granted the motion to continue pending the finality of the other Hawaii case on remand.  (Dkt. No. 75, pg. 17)(v. 4, pg. 176) Wagner filed objections to Magistrate Warner's first and second Report and Recommendations. (Dkt. No. 76, pgs. 1-18)(v. 4, 178 - 195)

9

District Judge Shelby issued a Memorandum Decision and Order dismissing all of Wagner's claims.(Dkt. No. 86, pg. 8)(v. 4, pg. 290) The District Court concluded that Wagner's claims were all barred under the doctrine of issue preclusion. (Dkt. No. 86, pg. 6)(v. 4, pg. 288) In so ruling, the District Court stated that "[i]f the court determined that issue preclusion did not bar Mr. Wagner's causes of action, the court would nevertheless issue an Order to Show Cause why the case should not be dismissed for failure to comply with Rule 11(b) of the Federal Rule of Civil Procedure." (Dkt. No. 86, pgs. 6-7)(v. 4,  pgs. 288-289) Further, "[t]he court is convinced that this case has been filed for the purpose of harassing the Defendants." (Dkt. No. 86, pg. 7)(v. 4, pg. 280) In addition, the court stated that "it is highly unlikely that Mr. Wagner's current suit was brought in good faith." (Dkt. No. 86, pg. 7)(v. 4, pg. 280)

Judge Shelby found that all of Wagner's claims were barred by issue preclusion.(Dkt. No. 86, pgs. 7-8) (v. 4, pgs. 288 - 289) Magistrate Warner had found that the claim related to the fraudulent 2004 Promissory Note was not barred because another one of the state court proceedings was remanded to a trial court on another issue.(Dkt. No. 75, pg. 11)(v. 4, pg. 169) Judge Shelby found that

despite that fact, the Hawaii Judgment which was final also found that the 2004

Promissory Note was fraudulent. (Dkt. No. 86, pg. 6)(v. 4, pg. 288) Therefore,

according to Judge Shelby, Wagner's entire Complaint was dismissed. (Dkt. No.

86, pgs. 7-8)(v. 4, pgs. 289 - 290)

     Wagner now appeals the District Court decision, arguing: (1) that the

Hawaii Judgment is not entitled to preclusive effect because the issues were not

actually litigated as required by the doctrine of issue preclusion. Wagner contends

that Appellee Francik "engaged in collusion with the trial judge's judge pro

tempore . . . who was also serving as . . . Francik's attorney, and with the trial

court itself, to have Linda Wagner arrested at the 'trial' to prevent her from

testifying." (Applt. Brief pg. 21, ¶ 26); (2) that the Nevada Judgment is not

entitled to preclusive effect because Appellee's allegedly agreed not to litigate

monetary claims, but only claims related to the proper control of WBGI's Board.

(Applt. Brief, pg. 27 ¶ 34)

## ARGUMENTS AND AUTHORITIES

### Summary of the Argument

     The District Court properly dismissed Wagner's state law defamation claims

under the doctrine of issue preclusion. Wagner's defamation claims fall within three categories: (1) poor record-keeping; (2) misappropriation of WBGI funds; and (3) the execution of a fraudulent 2004 promissory note.

The doctrine of issue preclusion bars relitigation of issues which are: (1) identical to the issues currently raised; (2) that involve the same parties or parties in privity; (3) that were actually and necessarily litigated; and (4) which resulted in a final judgment on the merits.

Here, the Nevada Judgment determined issues related to poor record-keeping adversely to Wagner. The Hawaii Judgment resolved issues related to the fraudulent 2004 promissory note and misappropriation adversely to Wagner. These issues were actually and necessarily litigated. Further, they each resulted in final judgments on the merits. Therefore, the district court properly dismissed Wagner's claims based on issue preclusion.

I.    **The District Court Properly Granted Appellees' Motion to Dismiss State Law Defamation Claims Under the Doctrine of Issue Preclusion.**

Standard of Review:  The Tenth Circuit reviews the dismissal of claims under res judicata de novo. *Salguero v. City of Clovis*, 366 F.3d 1168, 1172 (10th

Cir. 2004)("We also review de novo the district court's application of the doctrine of collateral estoppel.") *See also Satsky v. Paramount Communications, Inc.*, 7 F.3d 1464, 1467-68 (10th Cir. 1993)("Whether the doctrine of res judicata applies to the case before us is a question of law which we review under the *de novo* standard.") and *May v. Parker-Abbott Transfer & Storage, Inc.*, 899 F.2d 1007, 1009 (10th Cir. 1990)(Where facts "are not in dispute, the court must determine de novo whether the substantive law of res judicata was correctly applied.")

Article IV, § 1 of the United States Constitution demands that "Full Faith and Credit shall be given in each State to the . . . judicial Proceedings of every other State." Similarly, 28 U.S.C. § 1738 provides that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . ." The United States Supreme Court has recognized that "[t]his statute has long been understood to encompass the doctrines of res judicata . . . or 'issue preclusion." *San Remo Hotel v. City and County of San Francisco, California*, 545 U.S. 323, 336, 125 S.Ct. 2491 (2005)

"Under collateral estoppel, once a court has decided an issue of fact or law

13

necessary to its judgment, that decision may preclude relitigation of the issue in a suit or a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "The general rule implemented by the full faith and credit statute - that parties should not be permitted to relitigate issues that have been resolved by courts of competent jurisdiction - predates the Republic." <u>San Remo Hotel</u>, 545 U.S. at 336.

The Tenth Circuit Court of Appeals has recognized that "[t]he Full Faith and Credit Act, 8 U.S.C. § 1738, requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered." *Jiron v. City of Lakewood*, 392 F.3d 410, 415 - 416 (10th Cir. 2004) *See also Wilkinson v. Pitkin County Board of County Commissioners*, 142 F.3d 1319, 1322 (10th Cir. 1998)("This court gives full faith and credit to state court judgments.")

The Tenth Circuit recognizes that "the preclusive effect of a state judgment is governed by the rules of preclusion of that state." *Valley View Angus Ranch, Inc. v. Duke Energy Field Services, Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007)

Under Hawaii law, "[c]ollateral estoppel may preclude the relitigation of a

14

fact or issue that was previously determined in a prior action on a different claim

or cause of action between the same parties or their privies." *Smallwood v. City*

*and County of Honolulu*, 185 P.3d 887, 895 (Haw. Ct. App. 2008).

The elements of issue preclusion under Hawaii law are:

(1) the fact or issue in the present action is identical to the one
decided in the prior adjudication; (2) there was a final judgment on
the merits in the prior adjudication; (3) the parties to the present
action are the same or in privity with the parties in the prior action;
and (4) the fact or issue decided in the prior action was actually
litigated, finally decided, and essential to the earlier valid and final
judgment.

Id.

Under Nevada law, the elements of issue preclusion are:

(1) the issue decided in the prior litigation must be identical to the
issue presented in the current action; (2) the initial ruling must have
been on the merits and have become final; (3) the party against whom
the judgment is asserted must have been a party or in privity with a
party to the prior litigation; and (4) the issue was actually and
necessarily litigated.

*Five Star Capital Corporation v. Ruby*, 194 P.3d 709, 713 (Nev. 2008).

With only minor variations, Hawaii's and Nevada's elements for issue

preclusion are the same. Both require: (1) an identity of issues; (2) a final

15

determination on the merits; (3) the same parties or in privity with parties; and (4) actual litigation of the issues which are necessary and/or essential to the final judgment.

Wagner does not dispute that he was a party in the Nevada and Hawaii proceedings. Therefore, Appellees will address the remaining three elements: (1) the identity of the issues; (2) whether the ruling was on the merits and final; and (3) whether the issues were actually and necessarily litigated.

## A. Identity of Issues

Wagner's defamation claims cover three topics: (1) Wagner's poor record-keeping; (2) a fraudulent promissory note signed by Mrs. Wagner in 2004; and (3) Wagner's misappropriation of WBGI funds.

Wagner's poor record-keeping was at issue before the Nevada Court. That court noted that Wagner "failed to keep proper financial records, and failed to pay employment taxes, failed to file corporate income tax reports, failed to keep accurate records of shareholders." (Dkt. No. 7; Exhibit A; pgs. 2-3)(v. 1, pg. 121-122, ¶ 6) Similarly, Wagner's misappropriation was extensively at issue before the Hawaii Court. (Dkt. No. 7-3, pgs. 16-18)(v. 1, pgs. 177-180; ¶ ¶ 45-55)

16

The Hawaii Court also considered and ruled upon the 2004 Promissory
Note. For instance, the Hawaii Court ruled that "[a]fter August of 2003, Defendant
Linda Wagner executed numerous documents purporting to be WBGI documents
using the title of WBGI Treasurer, without authority or authorization to do so,
including a Promissory Note dated January 1, 2004 . . . ." (Dkt. No. 7-3, pg. 22) (v.
1, pg. 183, ¶ 73) Again, on the same issue, the Hawaii Court stated:

> In August 2003, WBGI's Board of Directors named Annette Emerson
> as Secretary/Treasurer. Annette Emerson has held the position as
> WBGI's Treasurer continuously from August 2003 to the date of this
> Order. Defendant Linda Wagner was neither a WBGI director nor a
> WBGI officer after August of 2003. Defendant Linda Wagner has
> admitted in deposition testimony that after Annette Emerson became
> Treasurer, she no longer had any position of authority and was neither
> an officer or director of WBGI.

(Dkt. No. 7-3, pg. 16)(v. 1, pg. 177,¶ 41)

Wagner attempts to distinguish alleged statements made by Appellee
Francik in and related to an indictment of Wagner based on the 2004 Promissory
Note. Wagner summarizes the nature of the alleged defamatory allegations as
follows:

> In February of 2008 defendant Francik appeared before a Hilo grand
> jury and gave perjured testimony. He lied and falsely claimed that

17

> Linda Wagner, WBGI's secretary and treasurer between 1995 and
> September of 2004, had actually been removed as a corporate officer
> in 2003 and replaced by defendant Annette Emerson at that time, not
> in 2004 as actually was the case. He falsely claimed that Linda
> Wagner's signing of the last in a series of nine promissory notes,
> signed January 1, 2004 was therefore a fraud on WBGI.

(Applt. Brief pg. 10)

Here, Wagner concedes that the statements related to the indictment arise

from the fraudulent execution of the 2004 Promissory Note. The Hawaii Court

expressly addressed the 2004 Promissory Note. Therefore, there is an identity of

issues between statements related to the indictment and the issue previously

litigated before the Hawaii Court.

Similarly Wagner complains about alleged statements regarding a supposed

visitor center account.  This issue was also addressed by the Hawaii Court. The

Hawaii Court noted that Wagner's solicitations for investments "requested

investments so that the monies paid could be used to construct a visitor center and

for other improvements to the Garden's operation." (Dkt. No. 7-3, pg. 23)(v. 1, pg.

184, ¶ 79). Unfortunately, Wagner "pocketed the proceeds, instead of turning the

proceeds over to WBGI as investors were led to believe would occur." (Dkt. No.

18

7-3, pg. 22)(v. 1, pg. 183, ¶ 75) *See also* (Dkt. 7-3, pg. 41)(v. 1, pg. 202, ¶

8(A))(Wagner diverted "funds which investors intended to be used by or for the

benefit of WBGI by: Fraudulent inducement and representations to investors that

the funds would be used for WBGI's projects or operating expenses . . . .")

**B.  On the Merits and Final**

The Hawaii and Nevada Judgments were both on the merits and final.

Appellees demonstrated the respective Judgments finality. <u>See</u> Order of

Affirmance (Dkt. No. 40-1, pgs. 1-6)(v. 3, pgs. 69 - 74) and Westlaw Keycite

showing Certiorari Denied by United States Supreme Court (Dkt. No. 40-1, pg.

7)(v. 3, pg. 75) for the Nevada Judgment and Summary Disposition and Order

(Dkt. No. 40-3, pgs. 5-6)(v. 3, pgs. 99 - 100) and (4) Order Rejecting Application

for Writ of Certiorari (Dkt. No. 40-3, pg. 7)(v. 3, pg. 101) for the Hawaii

Judgment. In addition, the Judgments were each on the merits. Each addressed the

substantive law and applied it to the facts before each court.

Wagner claims that the arrest of his spouse during the Hawaii proceedings

renders the judgment ineligible for issue preclusion. There are several problems

with this argument. First, the Hawaii Court had already made a determination of

liability *prior* to the trial at which Mrs. Wagner was arrested. (Dkt. 7-3, pgs. 6-7)(v.1, pgs. 167-168). Therefore, any alleged irregularity has no bearing on this determination. Second, Wagner does not allege that he was arrested or otherwise prevented from attending the trial. Third, Wagner did not request a continuance from the Hawaii Court. Fourth, Wagner appealed the Hawaii Judgment both to the Hawaii Court of Appeals and the Hawaii Supreme Court, both of which rejected his appeal. *See Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981)("The appeal process is available to correct error; subsequent litigation is not.") Finally, the arrest of Mrs. Wagner was based on an indictment from a grand jury and was entirely proper.

## C.  Actually and Necessarily Litigated

Wagner claims that the issue of his poor record-keeping was not necessarily litigated in the Nevada Court. As noted by the District Court:

> [t]he Nevada court ultimately decided which of two competing boards of directors should control WBGI. But to reach this decision, the Nevada court resolved a number of related factual and legal issues, including whether Mr. Wagner misappropriated funds, whether he kept proper records, and whether his removal from the board of directors was proper.

(v. 5, pg. 12)

Wagner has not mounted a credible argument against the District Court's conclusion. The propriety of Wagner's removal and the election of the Board necessarily required the resolution of subsidiary factual issues such as the misconduct of a removed director or officer. Accordingly, resolving issues such as corporate record-keeping and misappropriation is "necessary" within the meaning of issue preclusion.

In addition, the Hawaii Court also found Wagner's record-keeping wanting. The Hawaii Court ordered Wagner to "provide a full and complete accounting of all income received by or for the benefit of WBGI and all expenditure of WBGI funds made between April 12, 2001 and August, 2003 . . . . No such accounting has been filed . . . to date." (Dkt. No. 7-3, pg. 7)(v. 1, pg. 168 ¶ (3))

## <u>STATEMENT OF COUNSEL AS TO ORAL ARGUMENT</u>

Oral argument is not requested.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court

affirm the Decision of the District Court dismissing all of Appellant's claims with

prejudice.

DATED this 9th day of September, 2013.

**RICHER & OVERHOLT, P.C.**


/s/ Arnold Richer

Arnold Richer

Attorneys for Appellees

**RICHER & OVERHOLT, P.C.**

901 West Baxter Drive

South Jordan, Utah 84095

Telephone: (801) 561-4750, Ext. #17

Facsimile: (801) 561-4744

22

**CERTIFICATE OF COMPLIANCE**

As required by Fed. R. App. P. 32(a)(7)(c), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it is proportionally spaced and contains 4,602 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I relied on my word processor to obtain the court and it is WordPerfect.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

DATED this 9th day of September, 2013.

                    **RICHER & OVERHOLT, P.C.**

                    /s/ Arnold Richer
                    Arnold Richer
                    Attorneys for Appellees
                    **RICHER & OVERHOLT, P.C.**
                    901 West Baxter Drive
                    South Jordan, Utah 84095
                    Telephone: (801) 561-4750, Ext. #17
                    Facsimile: (801) 561-4744

23

**CERTIFICATE OF DIGITAL SUBMISSION**
**AND CERTIFICATE OF SERVICE**

I hereby certify that: pursuant to the General Order filed August 10, 2007, I

submitted, in digital format, on the 9th day of September, 2013, the foregoing

Appellees' Brief to the Clerk of the Court via the Court's ECF system. As to this

submission, I certify that:

(1)    The document is an exact copy of the written document filed with the
       Clerk's office;

(2)    all required privacy redactions have been made; and

(3)    the Appellees' Brief has been scanned for viruses with Norton 360
       and, according to the program, is free of viruses.

A copy was furnished through United States mail, postage prepaid, first
class to:
Walter Wagner
and the original and seven copies were mailed, postage prepaid and properly
addressed to:

Elisabeth A. Shumaker
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

/s Arnold Richer
Arnold Richer

24